[Civ. No. 25399. Second Dist., Div. One. Jan. 22, 1962.]

RICHARD H. RICE, Plaintiff and Appellant, v. ARDEN FARMS COMPANY, Defendant and Respondent.

Roy B. Woolsey for Plaintiff and Appellant.

Newton & Irvin and Richard B. Newton for Defendant and Respondent.

WOOD, P. J.—Plaintiff appeals (1) from an order granting a motion to dismiss the action on the ground of unreasonable delay in serving the summons and complaint, and (2) from a judgment for defendant for costs.

This is an action for damages for breach of an oral contract to employ plaintiff to haul milk from Los Angeles to Blythe, California. The complaint was filed on July 10, 1959, and the summons was issued at that time. The summons was not served, but it was returned and filed on September 7, 1960. Also on said September 7, plaintiff filed an amendment to the complaint, changing a date "1957" to "1958." An alias summons was issued at the time the amendment was filed. Two days thereafter, on September 9, 1960, service of the alias summons and "the complaint" was made on defendant. On September 14, 1960, the alias summons was returned with an affidavit of service thereon. On October 3, 1960, the defendant filed a notice of motion to dismiss the action on the ground that there had been unreasonable and

prejudicial delay in the service of the summons and complaint. Also on said October 3, the defendant demurred to the complaint as amended, and made a motion to strike certain allegations from the complaint. On November 3, 1960, a minute order was made which stated: "Motion granted. It appearing to the Court that this action should be dismissed under the provisions of section 581A C.C.P., now, therefore, on motion of defendant Arden Farms Co. the above entitled action is hereby dismissed as to said defendant and said defendant is given judgment for its costs against the plaintiff in the sum of $——. Let execution issue hereon." The minute order also stated: "Demurrer and motion to strike are ordered off calendar."

On November 14, 1960, plaintiff filed a notice of motion for (1) reconsideration of the order dismissing the action, (2) an order vacating the order of dismissal, and (3) an order approving the filing of an amended complaint which had been filed with the clerk on November 1, 1960. The motion was denied.

The complaint alleged, in substance, that: In June 1955 it was orally agreed between plaintiff and defendant that defendant would employ plaintiff exclusively to haul all milk, to be shipped by defendant from Los Angeles to Blythe, until defendant gave to plaintiff a minimum of 30 days' notice that defendant would employ other persons to haul the milk, and that in the event such notice was given defendant would assist plaintiff in obtaining other business. About July 12, 1957, defendant breached said agreement by ceasing to do business with plaintiff, by causing the milk to be transported by other persons, and by failing to assist plaintiff in obtaining other business. As a result of the breach of the agreement, plaintiff sustained damages in the amount of $24,800 for loss of profits, earnings, and his transportation business. Also as a result of the breach, plaintiff became ill and sustained damages in the amount of $3,450 for pain and suffering and medical expenses.

In support of the motion to dismiss, defendant Arden Farms filed a declaration of Mr. Brockmeyer, its vice president, wherein it was stated: That at the time of filing the complaint and issuing the summons the defendant Arden Farms maintained its executive offices in Los Angeles. On all business days officers of the company were present at said offices and service of summons and complaint could have been made there. Such service was not made until approximately 14 months after the complaint was filed. No officer or em-

ployee of defendant had knowledge of the existence of the proceedings prior to the time of such service. He (declarant) is acquainted with certain facts "surrounding" the allegations of the complaint as amended, and he states that defendant had a valid defense to those allegations. During the period referred to in the complaint as amended, Mr. Johnson, who was superintendent of shipping for Arden Farms, was present at certain conversations and had knowledge of certain dealings with plaintiff relating to the subject of the action, and was "possessed of facts" corroborating the defense to the action. Such knowledge made him a material witness for the defendant. He died July 25, 1959 (15 days after the complaint was filed). By reason of the loss of the opportunity of presenting that testimony, the defendant Arden Farms has been materially prejudiced by plaintiff's withholding service of the summons and complaint.

Plaintiff's first declaration, in opposition to the motion to dismiss, stated that plaintiff and defendant Arden Farms had entered into a written contract, a copy of which was attached to said declaration. (That contract provided that plaintiff would haul milk from Los Angeles to Blythe during the period from June 19, 1953, to June 19, 1955.) The term covered by the written contract expired in June 1955. About 30 days before the expiration of that term, when plaintiff asked Mr. Brockmeyer for another written contract, he replied that the hauling should be continued, and that any written agreement was only as good as "our" word. He also said that Arden did not want to see plaintiff get hurt, and if there ever had to be a change, Arden would give plaintiff at least 30 days' notice and that Arden would find a place to use plaintiff's equipment. Plaintiff had been hauling milk, for Arden, to Blythe three days a week under the written contract. Except for said conversation regarding notice of termination and assistance in finding other shipments upon termination, the written contract was not modified but was considered by the parties to be in force. In December 1955 Arden requested plaintiff to pay $21.55 for merchandise damaged in shipment. In 1956 plaintiff asked Mr. Brockmeyer to issue a written contract to plaintiff. He replied that plaintiff could rest assured he had established a policy with the company. On July 12, 1957, without any advance notice to plaintiff, Arden terminated the "hauling." A few days thereafter Mr. Brockmeyer told plaintiff that Arden had made other arrangements for hauling the milk, and that "CalAr" (a distributor of

milk at Blythe) thought that plaintiff was not getting the milk "to Blythe in good shape." He (Brockmeyer) did not state that the termination was caused by inadequate performance of services by plaintiff. In July 1957 plaintiff employed an attorney to represent him with respect to his claim under the oral contract, and he was advised by the attorney that he had a good cause of action but his proof might be difficult and costly. In April 1958 plaintiff sold his transportation equipment and business. Thereafter he engaged in the general contracting business but he did not have adequate funds therefor, and as a result of his financial worries, plaintiff became nervous and ill, and has been unable to bear the expense of prosecuting his claim against Arden. He was informed that he must file suit by July 11, 1959, in order to preserve his rights but was not informed that there was any time limit "upon his filing or prosecuting such suit" except the two-year statute of limitation and the requirement that summons be issued within a year and returned within three years after filing suit. About July 8, 1959, plaintiff employed his present attorney who advised him that he had a good cause of action but that it might be difficult and costly to prove the case. By reason of the breach of contract by Arden, plaintiff worked long hours establishing his general contracting business. He completed his own home but he has been financially unable to furnish it. Several claims of mechanics' liens were filed against property upon which plaintiff was performing construction work and he was required to settle those claims. He had considerable litigation expense during the last six months of 1959 and during 1960. Irrespective of those matters, he became assured that he would have the funds to prosecute the action against Arden, and he urged his present attorney to go ahead with the matter. His attorney stated there was an erroneous date in the complaint. Plaintiff, however, could not immediately verify the correctness of a date. In August 1960 a proposed amendment to the complaint was received by plaintiff at his residence in Orange County, which amendment corrected a date in the original complaint. Plaintiff's residence and place of business have been in Orange County or at Blythe, and outside the county (Los Angeles) where his attorneys maintained their offices. (Other statements in that declaration pertained to the manner in which plaintiff performed his services and to conversations which he had with representatives of Arden.)

In plaintiff's second declaration, in opposition to the motion

to dismiss, he stated: During August 1957 he received a copy of a letter which his former attorney had sent to the attorney for Arden, and wherein it was stated that plaintiff's damage for "the current month" was $2,500. During 1957 plaintiff's former attorney advised him to wait to determine the full amount of damages before filing suit, and stated that he would need a retainer of $600. Plaintiff was unable to pay that fee. He told his former attorney that for an immediate settlement he would accept $2,500. In June or July 1959 his former attorney suggested that plaintiff obtain other counsel. In July 1959, about four days before the expiration of the two-year statute of limitations, when plaintiff employed his present attorney, plaintiff requested that a claim for damages for physical injuries, resulting from the breach of the contract, be included in the complaint. The attorney advised that he did not believe that such damage was recoverable. His attorney also said that the action would be costly and that plaintiff should not go forward with it unless he was able to pay the bills and do the investigation work in connection with the action. Thereafter, plaintiff was under constant pressure of work and was unable to make the investigation or to pay for legal services. He did not realize that more than a few months had passed from the time of filing the complaint (in July 1959) to the time of filing the amendment in September 1960. (Other statements in that declaration pertained to claims of liens against property where plaintiff had done construction work.)

In plaintiff's third declaration, in opposition to the motion to dismiss, he stated: After Arden's breach of the contract and from July 12, 1957, to April 1958, Western Milk Transportation hauled milk for defendant, and M. W. Lewis continued as distributor in Blythe. Claypool and Company acquired plaintiff's truck and trailer, and commenced hauling milk for Arden in April or May 1958. While plaintiff was hauling milk for Arden he personally supervised the delivery of the products in Blythe, and he knew that the contract was performed from 1953 to July 12, 1957. The hauling contract was not terminated by reason of any breach of contract on plaintiff's part but was terminated solely by reason of pressure of business groups to obtain a monopoly on milk delivery in the Blythe area.

In the declaration of Mr. Woolsey (plaintiff's attorney), in opposition to the motion to dismiss, it was stated: In July 1959 he was employed as attorney for plaintiff. Plaintiff said

that he did not have the funds with which to prosecute the action properly, but it was necessary to file the action in order to prevent the statute of limitations from running, and that he expected within a few months to be able to have the action adequately prosecuted. At that time plaintiff said that the termination of the contract had cost him practically all of his capital. Thereafter, declarant represented plaintiff in several suits relative to mechanics' liens. Plaintiff has made no payment to him for fees, costs, or otherwise from September 21, 1959, to the middle of August 1960. At all times since November 1959 the plaintiff has owed declarant over $500 for services and advances in connection with his services as attorney for plaintiff. Since August 1960 the plaintiff has reduced substantially the balance due. Declarant believes that plaintiff was not financially able to prosecute the action until August 1960, but that now he will be financially able to prosecute the action diligently. Prior to August 1960, when he prepared the amendment to the complaint, he did not realize that more than a small portion of time had elapsed after the complaint was filed.

Appellant (plaintiff) contends that the trial court abused its discretion in dismissing the action. He refers to the minute order of dismissal which states, in part, that the action must be dismissed under section 581a of the Code of Civil Procedure; and he argues that said section is not applicable here. That section provides that an action must be dismissed "unless summons shall have issued within one year," and "unless the summons shall be served and return thereon made within three years after the commencement of said action," except where the parties have filed a stipulation in writing that the time may be extended. In the present case the summons was issued when the action was commenced on July 10, 1959. The summons was not served but was filed on September 7, 1960 (about 14 months after commencing the action). The alias summons, which was issued on said September 7, was served two days thereafter. Since the summons was issued within one year and the alias summons was served and returned within three years after the action was commenced, it is apparent that said section 581a is not applicable herein.

 Section 583 of the Code of Civil Procedure provides in part (1) that, on motion of defendant, the court in its discretion may dismiss an action for want of prosecution when plaintiff has failed for two years after the action is filed to bring the action to trial; and (2) that an action shall be

dismissed unless the action is brought to trial within five years after the action is filed. This section pertains to failure to bring an action to trial—and as noted the matter of dismissal under that section is discretionary after two years (and before five years) and is mandatory after five years. In the present case the motion to dismiss was not upon the ground that the action had not been brought to trial within the two-year or five-year period, but was upon the ground of unreasonable delay in serving the summons and complaint. It has been held that the provision in section 583 with respect to discretionary dismissal after two years "takes from the court discretion to dismiss within the two-year period" (for failure to bring an action to trial). (*Cameron* v. *Cameron,* 110 Cal.App.2d 258, 260 [242 P.2d 408].) It was also said in the case, last cited (p. 261), that the mandatory provisions in section 583 (with respect to dismissal for failure to bring to trial within certain periods) "do not take away any of the court's inherent power to dismiss for want of prosecution." In *Lieb* v. *Lager,* 9 Cal. App.2d 324 [49 P.2d 886], wherein the summons and complaint were served two and a fourth years after the action was commenced, the motion to dismiss was upon the ground of lack of diligence in prosecuting the action. The motion to dismiss was granted. It was said therein (p. 326) : "Section 581a of the Code of Civil Procedure makes provision for mandatory dismissal of an action where summons is not served within three years. It is conceded, however, as indeed it must be, that courts may, in the exercise of a wise discretion, dismiss a case when the delay in service is for a period shorter than that named in the statute. (9 Cal. Jur., p. 536.) It is appellant's contention, however, that where nothing more than the mere lapse of time is brought to the attention of the court—where no facts are established to show any prejudice resulting from the delay in serving summons—and the delay is less than three years, it is an abuse of power to dismiss an action; that in order to exercise discretion some facts other than the mere lapse of time must be addressed and presented to the court in order to enable it to exercise discretion, otherwise the arbitrary policy of the law as expressed by section 581a must govern, and only in cases where the delay is for three years or more can an order of dismissal be made. As above indicated, it is an inherent right, and therefore one existing independent of any statute, to dismiss a suit for a failure to prosecute it with due diligence. . . . As has frequently been said, the duty rests upon a plaintiff at every stage of the proceedings to use

diligence to expedite his case to a final determination that there may be an end to litigation. The question of diligent prosecution is one largely committed to the discretion of the lower court. . . . The only limitation upon the exercise of the discretionary power of the court to dismiss a cause for delay in the service of summons is that it must not be abused. . . . Here the motion was heard upon conflicting affidavits and it must be assumed that the court below found the facts to be as asserted by the moving and prevailing party."

In *Ordway* v. *Arata*, 150 Cal.App.2d 71 [309 P.2d 919], the summons and complaint were not served until two years and seven months after the action was commenced. It was said therein (p. 74) : "The statutes relating to dismissal of action for lack of prosecution are sections 581a and 583 of the Code of Civil Procedure. . . . In addition to the statutory grounds for dismissal of actions for lack of prosecution the court has inherent power limited by sound discretion to dismiss an action for want of reasonable diligence in the prosecution thereof." In that case the trial court dismissed the action, and the order of dismissal was reversed on appeal. That action was for money lent and it was established that the money was unpaid. In that case there were extenuating circumstances such as illness and death of one of the plaintiffs, and illness of plaintiffs' attorney.

In *Thompson* v. *Lester*, 20 Cal.App.2d 745 [67 P.2d 1093], the summons was served about 14 months after the action was commenced. The motion therein to dismiss, upon the ground of unreasonable delay in serving the summons, was granted. In that case it was said (p. 747) : "The power of the court to dismiss for unreasonable delay in the service of summons is well settled. . . . A plaintiff's lack of diligence is not excused by the fact that other proceedings are pending . . . and delays for periods approximating that in the case at bar have been held sufficient to justify a dismissal. [Citations.]"

In the present case it is not disputed that service of summons and complaint could have been made at any time at the offices of defendant company in Los Angeles. Such service was not made until 14 months after the action was commenced. The period of time covered by the written contract had expired, and the claim of plaintiff regarding an oral contract and a breach thereof was disputed. Plaintiff's asserted justification for delay in serving the summons pertained principally to his financial inability by reason of other litigation arising from his construction business. The motion to dismiss pre-

sented a factual situation for the determination of the trial court. ██ As stated in *Ordway* v. *Arata, supra,* at page 77: "Each case must be judged upon its own factual situation, and upon an appeal in a case in which a trial court has exercised its discretion in ruling upon a motion to dismiss an action an appellate court will not disturb that ruling unless a clear case of abuse of discretion is shown." ██ In the present case it cannot be said that there was an abuse of discretion.

It is true that the minutes of the trial court state that the action should be dismissed under section 581a of the Code of Civil Procedure. It is to be noted, however, that preceding said statement the minutes recite: "Motion granted." The motion was made upon "the ground that there has been unreasonable and prejudicial delay in the service of the Summons and Complaint." It thus appears that the motion to dismiss was granted upon the ground that there had been unreasonable and prejudicial delay in the service of the summons and complaint. The portion of the minutes wherein reference was made to the inapplicable section 581a was in effect a statement of a reason or legal basis for the ruling or order which had been made. The asserted reason or legal basis for the order was not a necessary or material part of the order. The order granting the motion to dismiss was supported by substantial evidence. The court did not abuse its discretion in granting the motion.

The order and judgment are affirmed.

Fourt, J., and Lillie, J., concurred.

A petition for a rehearing was denied February 13, 1962, and appellant's petition for a hearing by the Supreme Court was denied March 21, 1962. Peters, J., was of the opinion that the petition should be granted.