[Civ. No. 49183. Second Dist., Div. Two. Jan. 26, 1977.]

LEON FEINGERSH, Plaintiff and Appellant, v.
LUTHERAN HOSPITAL SOCIETY OF SOUTHERN
CALIFORNIA et al., Defendants and Respondents.

COUNSEL

Joel Goldfarb for Plaintiff and Appellant.

Early, Maslach, Boyd & Leavey, Maryann M. Seltzer, Bonne, Jones & Bridges, Bonne, Jones, Bridges, Mueller & O'Keefe, Joel Bruce Douglas, Tremaine & Robbins, Richard C. Robbins and Richard G. Becker for Defendants and Respondents.

OPINION

**COMPTON, J.**—Plaintiff in a medical malpractice action appeals from orders of dismissal following the granting of defendants' motions to dismiss for want of prosecution pursuant to Code of Civil Procedure section 583, subdivision (a).

The action was commenced on January 29, 1971, with the filing of a complaint for personal injuries alleging that plaintiff had contracted serum hepatitis from blood transfusions administered during hospitalization in February 1970. Named as defendants were Dr. Melvin Anchell, Dr. Michael Fortier and the Lutheran Hospital Society of Southern California, doing business as the Santa Monica Hospital, (the Hospital) and a number of Does.

In order to more easily portray the picture of what occurred in this case we segregate the defendants into two groups; (1) those named in the original complaint, i.e., Fortier, Anchell and the Hospital, and (2) those later substituted for the Does, i.e., defendants Doctors Blood Bank (Blood Bank) Community Blood & Plasma Services, Inc. (Community) and Arnold W. Lane.

The named defendants Fortier, Anchell and Hospital were first served in August of 1973, two years and seven months after the filing of the complaint. These defendants filed their answers in September of 1973, and as to them the matter was then at issue. Defendants Fortier and Anchell simultaneously moved to dismiss for lack of prosecution. That motion was denied on *November 2, 1973.*

The following table shows what then procedurally occurred.

May 9, 1974—at issue memorandum filed;

July 31, 1975—certificate of readiness filed;

August 7, 1975—clerk schedules trial setting conference for November 17, 1975;

August 11, 1975—plaintiff moves to advance trial setting prior to January 28, 1976 (the date on which five years from the filing of the complaint would elapse);

August 19, 1975—defendants Anchell, Fortier, Community and Blood Bank move to dismiss under Code of Civil Procedure section 583, subdivision (a);

October 28, 1975—Hospital and Lane move to dismiss;

November 14, 1975—orders of dismissal entered as to Fortier, Anchell, Community and Blood Bank;

November 17, 1975—trial setting conference held and trial set for January 19, 1976;

January 9, 1976—order of dismissal entered as to Hospital and Lane.

Thus it appears that as to the first group of defendants just twenty days less than five years elapsed between the filing of the complaint and the entry of the final order of dismissal, and two years and three months elapsed after the matter was at issue and after the denial of the first motion to dismiss.

Turning now to the second group of defendants, plaintiff on November 1, 1973, two years and nine months after the filing of the complaint first attempted to learn their identity by serving interrogatories on the first group of defendants. The second group of defendants allegedly are the ones who provided and supplied the contaminated blood for the hospital.

Service was not effected on the second group of defendants until December 1973. Following certain demurrers and other defensive

pleadings, the answers of these three defendants were finally filed February 25, 1974, for Lane, April 10, 1974, for Blood Bank, and August 27, 1974, for Community. The above referenced table of chronology shows what action followed.

The only complicating feature of the case is the action of the trial court in November of 1973 denying Fortier and Anchell's first motion to dismiss. Plaintiff contends that that order was a determination that his preceding delay was justified and any delay which occurred after that date was occasioned by the conduct of the second group of defendants even though those defendants were brought into the case after that point.

Plaintiff's stated reasons for delaying service on the original three named defendants were (1) that he was awaiting the outcome of a workers' compensation proceeding, and (2) he was awaiting the decision of the Court of Appeal in *Shepard* v. *Alexian Brothers Hosp.* 33 Cal.App.3d 606 [109 Cal.Rptr. 132].

■ Of course, the pendency of a workers' compensation claim has never been considered a valid reason for not pressing a tort action against a third party. (*Black Bros. Co.* v. *Superior Court,* 265 Cal.App.2d 501 [71 Cal.Rptr. 344].) Further, the pendency of an appeal in a similar case between different parties is no excuse for the plaintiff to fail to pursue his own action. (*Lopa* v. *Superior Court,* 46 Cal.App.3d 382 [120 Cal.Rptr. 445].)

■ The trial court's refusal to dismiss the action in November of 1973 was an exercise of discretion which at the time would undoubtedly have survived appellate review, but could not be viewed as a determination that, as a matter of law, plaintiff's delay was justified. Nor did that ruling bar future motions to dismiss especially motions by those persons who were not then parties to the action. *Shepard* v. *Alexian Brothers Hosp., supra,* the decision for which plaintiff was waiting, involved the question of a hospital's liability for serum hepatitis resulting from a transfusion administered as a part of the hospital treatment of a patient. That decision ruled out the application of strict product liability and also cast doubt on the ability of a patient to establish ordinary negligence as against the hospital or persons who administered the transfusion. The opinion rendered by the Court of Appeal in the First District suggested that if strict liability could be applied to this type of case it would apply only to those persons who played a part in the production and marketing of the blood.

That opinion was filed in July 1973, and of course portended failure of the plaintiff's action against the original three defendants. It was only at that point that plaintiff then moved against the second group of defendants. The strategy is understandable but the delay was inexcusable.

■ The purpose behind the provision for a discretionary dismissal is " 'to compel reasonable diligence in the prosecution of an action after it has been commenced, thereby extending to the party or parties against whom it is brought an opportunity to properly present any defense which may be available at the time of the commencement of the action.' " (*Jensen* v. *Western Pac. R.R. Co.,* 189 Cal.App.2d 593, at p. 596 [11 Cal.Rptr. 444].)

■ No matter how one may view the effect on the first group of defendants of the trial court's denial of Fortier and Anchell's first motion to dismiss, it could not be considered as excusing plaintiff's three-year delay in identifying and serving the second group of defendants.

The duty is on the plaintiff at all stages of the proceedings to use due diligence to expedite his case. (*Beswick* v. *Palo Verde Hospital Assn.,* 188 Cal.App.2d 254 [10 Cal.Rptr. 314].)

■ A trial court, in exercising its discretion, must consider the length of time between the filing of the complaint and the motion to dismiss, bearing in mind that as the time passes from two years nearer and nearer to five, the showing required to excuse a failure to bring a case to trial grows greater and greater. (*Membrila* v. *Vonett Sales Co.,* 250 Cal.App.2d 299 [58 Cal.Rptr. 544].) Further, the court's power to dismiss is not totally limited to the provisions of Code of Civil Procedure section 583. The court has inherent power to dismiss actions for unreasonable delay in prosecution. (*Steinbauer* v. *Bondesen,* 125 Cal.App. 419, 423 [14 P.2d 106]; *Rice* v. *Arden Farms Co.,* 199 Cal.App.2d 349 [18 Cal.Rptr. 863].)

■ The discretion to be exercised under Code of Civil Procedure section 583 is that of the trial court, not that of the appellate court and will be disturbed only in cases of manifest abuse. (*Knight* v. *Pacific Gas & Elec. Co.,* 178 Cal.App.2d 923 [3 Cal.Rptr. 600]; *Denham* v. *Superior Court,* 2 Cal.3d 557 [86 Cal.Rptr. 65, 468 P.2d 193]; *Weeks* v. *Roberts,* 68 Cal.2d 802 [69 Cal.Rptr. 305, 442 P.2d 361].) As to defendants Lane,

Blood Bank and Community, the propriety of the trial court's exercise of its discretion in dismissing the action is manifest.

Returning now to the first group of defendants—Fortier, Anchell and the Hospital. The time interval between the complaint and the first motion to dismiss was two years and seven months. The interval between the complaint and the final order of dismissal extended over a period in excess of four years and seven months. The trial court was, therefore, well within the statutory time table for the exercise of its discretion.

The trial court's denial of the first motion to dismiss should have given plaintiff incentive to proceed diligently thereafter. Instead he now attempts to use it as a shield from the consequences of further delay.

By denying the first motion to dismiss the trial court did not foreclose itself from future consideration of the previous delay as a part of the total picture of lack of diligence on the part of the plaintiff. It must be remembered that more than two years elapsed between the denial of the first motion and the entry of the final order of dismissal. That time period could of itself serve as a basis for the exercise of the trial court's discretion.

Plaintiff argues that the latter two-year period was consumed by the actions of the second group of defendants and the clerk's delay in giving notice of eligibility to file a certificate of readiness. This is a bootstrap argument for the reason that the second two-year period of delay was the direct result of the plaintiff's initial lack of diligence in naming and serving the second group of defendants.

In summary, plaintiff should have moved promptly to name and serve all potential defendants so that the matter could be at issue and the defendants afforded an opportunity to develop available defenses. If collateral matters such as the pending decision by the Court of Appeal indicated a need to delay actual trial, that issue could have then been addressed in a more orderly and equitable fashion.

The orders are affirmed.

Fleming, Acting P. J., and Beach, J., concurred.

A petition for a rehearing was denied February 22, 1977, and appellant's petition for a hearing by the Supreme Court was denied March 24, 1977.