Filed 2/18/25  Dettamanti v. Kopcrak CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ANGELINA DETTAMANTI,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>LINDA CARRARI KOPCRAK et al.,<br><br>    Defendants and Respondents. | 2d Civ. No. B329705<br>(Super. Ct. No. 20CV00305)<br>(Santa Barbara County) |

The standard of review here is abuse of discretion.  We affirm.  Had the trial court ruled otherwise, it would have abused its discretion.

Angelina Dettamanti appeals a judgment dismissing her personal injury action against defendants Linda Carrari Kopcrak, Gina Kopcrak, Anna Kopcrak, Peter Paul Kopcrak (collectively Kopcrak) and Tiffany Carrari.  Dettamanti appeared at a hearing the day before trial and told the court she was unprepared to proceed to trial and requested a continuance.  Kopcrak opposed

the request to continue the trial date and filed a motion for terminating sanctions against Dettamanti for discovery violations. The court dismissed this action with prejudice. It found Dettamanti failed to prosecute her case and it granted Kopcrak's motion for terminating sanctions for discovery violations.

FACTS

In 2019, Dettamanti filed an action against Kopcrak and other defendants for damages for assault, battery, false imprisonment, and intentional infliction of emotional distress. Kopcrak answered and commenced discovery.

In June 2020, Kopcrak served Dettamanti with a request to produce documents. Dettamanti did not "produce any documents."

The trial court scheduled a case management conference. On October 2, 2020, Dettamanti's counsel failed to appear at that conference.

Kopcrak served a second set of requests to produce documents. Again Dettamanti did not respond.

Kopcrak served Dettamanti with a notice to appear at a deposition and another request to produce documents. Dettamanti did not appear at that deposition. Again she did not produce documents.

In November 2022, the trial court scheduled a case management conference, but Dettamanti did not attend.

On November 18, 2022, the trial court found Kopcrak had shown grounds for an order to show cause re dismissal for lack of prosecution. Later in November, the court issued an order to show cause re terminating sanctions because of Dettamanti's

2.

noncompliance with discovery and failure to appear at the case management conference.

In December 2022, Kopcrak filed a motion for terminating sanctions. Kopcrak noted that "[d]efendants have tried multiple times to take [Dettamanti's] deposition." Dettamanti would not cooperate to set a deposition date. The defendants set a deposition date. Dettamanti did not appear and did not cooperate with the defendants to set a new deposition date. Dettamanti "fails to communicate" with the defendants, "she has not appeared at two of the last three" case management conferences, and has done nothing "to move this case along." She prevented the defendants from completing discovery.

The trial court elected not to order a dismissal for failure of prosecution or terminating sanctions for discovery violations at that time. Instead, it ordered Dettamanti to attend a deposition.

Dettamanti appeared for the deposition, but did not produce the documents Kopcrak requested for the deposition. Dettamanti promised to file a "response to the document request." Kopcrak presented evidence showing Dettamanti did not comply with that promise.

On January 6, 2023, the trial court held a case management conference. Dettamanti and her counsel did not attend that conference.

Kopcrak filed a "motion to compel" discovery. At the January 17, 2023, hearing, neither Dettamanti nor her counsel appeared in court; neither filed an opposition to that motion.

The trial court ordered the parties to tender their trial exhibits on February 3, 2023. On that date Kopcrak tendered trial exhibits. Dettamanti did not. The court ordered Dettamanti to appear "*in person*" at a February 17th hearing. She did not

appear in court; she appeared by Zoom. On February 17, Kopcrak's counsel declared that Dettamanti "again failed to submit any trial documents in response to the two prior Court orders."

The trial court *for the second time* ordered Dettamanti to produce "the requested records." It found her failure to respond to Kopcrak's request to produce documents and interrogatories "*ha[s] served to prejudice Defendants, particularly at this stage of litigation just prior to the start of trial.*" (Italics added.) It found Dettamanti did not comply with the court's order to produce documents; and if she continued to violate its orders, Kopcrak was *authorized to "renew" her motion* for terminating sanctions.

On February 24, 2023, the trial court ordered Dettamanti to "provide printed discovery documents" to Kopcrak's counsel.

Kopcrak presented evidence that Dettamanti did not comply with Kopcrak's requests to produce documents. In February 2023, as trial approached, the trial court granted Kopcrak's motion for an order shortening time for hearings on discovery motions.

*Second Motion for Terminating Sanctions*

On February 24, 2023, Kopcrak filed a second motion for terminating sanctions because of Dettamanti's failure to comply with discovery. Kopcrak claimed Dettamanti "has a longstanding history of refusing to provide discovery and disregard of court orders." She presented evidence showing that in a prior case a federal court dismissed Dettamanti's action against the sheriff for "willfully disobeying court orders and obstructing discovery." In other Santa Barbara Superior Court cases involving Kopcrak, the court ordered terminating sanctions against Dettamanti for "refusal to cooperate with discovery" and found she engaged in "a

4.

deliberate effort to deprive Kopcrak of the discovery needed to proceed to trial." Kopcrak's counsel declared that Dettamanti "engaged in the same obstructive behavior in this case," that she "has not produced one document," and that she did not respond "to any of the five sets of written discovery requests that have been served on her since November of 2022."

Dettamanti did not file an opposition to this motion. The trial court did not rule on the motion at that time. It decided to rule on it on April 7.

*Dettamanti's March Motion to Continue Trial*

On March 1, 2023, Dettamanti filed a motion to continue trial for various reasons including her medical condition of "legal abuse syndrome." Kopcrak objected that the trial had been continued once before and that Dettamanti's claims about her medical conditions were impeached by her false responses to interrogatories about her medical history. All continuances had to be filed by July 29, 2022. But the trial court granted Dettamanti a 30-day continuance. It warned her, "I do intend to take the case to trial on the 10th of April."

*The Hearing Before the Start of Trial*

On Friday, April 7, 2023, before the Monday start of trial, the court held a scheduled hearing. Dettamanti said she was not prepared to proceed to trial on Monday and requested a continuance. Kopcrak's counsel opposed a continuance, noting that the court had continued trial "twice" before and further delay would prejudice her clients' rights. She requested a ruling on her motion for terminating sanctions against Dettamanti for her discovery violations.

The trial court denied the request for a continuance and granted Kopcrak's motion for terminating sanctions. It also

ruled, "[T]he day for trial was set to be Monday. It's Friday. The plaintiff is not ready. The defense has been ready. The motion to terminate the case for failure to prosecute is granted. The case is dismissed with prejudice."

Dettamanti appealed. She then filed a post-judgment motion to vacate the judgment. This motion was heard by a different judge. In opposition, Kopcrak's counsel declared Dettamanti claimed attorney Marc Angelucci was responsible for "handling discovery" and "pretrial motions," but that was not possible because Angelucci was not an attorney of record and *he died on July 11, 2020.* The court denied the motion finding terminating sanctions were appropriate. It awarded Kopcrak attorney fees.

DISCUSSION

*Dismissal for Not Being Ready for Trial*

Dettamanti contends the trial court erred by dismissing her case at the hearing on the day before trial was scheduled to start. At that Friday hearing, the court asked if the parties were prepared for trial on Monday, the trial date. Kopcrak was ready. Dettamanti said, "No. I'm not ready to go to trial." She requested a continuance. Kopcrak objected. The request for continuance was denied. The court dismissed the action.

As plaintiff, Dettamanti had the burden " 'to produce' " evidence at trial. (*Estate of Daniels* (1953) 120 Cal.App.2d 284, 287.) Because she was unprepared for trial, she could not meet that burden. (*Ibid.*) "The court has inherent power to dismiss actions for unreasonable delay in prosecution." (*Feingersh v. Lutheran Hosp. Society* (1977) 66 Cal.App.3d 406, 411.) Being unprepared for trial "constitutes the epitome of a 'failure to

6.

prosecute.' " (*Knoll v. American Tel. & Tel. Co.* (6th Cir. 1999) 176 F.3d 359, 364.)

Consequently, "dismissal is proper when the plaintiff is not prepared to proceed on the day of trial." (*Vernon v. Great Western Bank* (1996) 51 Cal.App.4th 1007, 1013; *Hurtado v. Western Medical Center* (1990) 222 Cal.App.3d 1198, 1204; *Maynard v. Bullis* (1950) 99 Cal.App.2d 805, 807 [dismissal was proper]; *Gray v. Bybee* (1943) 60 Cal.App.2d 564, 570; *Owen v. Wangerin* (7th Cir. 1993) 985 F.2d 312, 317 ["The remedy [of dismissal] is usually applied when the plaintiff is not ready for trial"].)

*Adequate Notice*

Dettamanti contends a dismissal for failure to prosecute at trial requires the trial court to give 20 days' advance notice pursuant to California Rules of Court, rule 3.1340(b). We disagree.

When the court sets a trial date, as here, the plaintiff *has notice* that he or she must "use due diligence" to be ready to present the case on that date. (*Feingersh v. Lutheran Hosp. Society*, *supra,* 66 Cal.App.3d at p. 411.) The court's statement that the case "is set for trial" is the notice the plaintiff is entitled to receive. (*Maynard v. Bullis*, *supra*, 99 Cal.App.2d at p. 807.) Consequently, if the plaintiff is not ready to proceed to trial, the court may dismiss the action at that point without providing further notice. (*Hurtado v. Western Medical Center*, *supra*, 222 Cal.App.3d at p. 1204; *Maynard*, at p. 807; *Gray v. Bybee, supra,* 60 Cal.App.2d at p. 570; *Forney v. Brodie* (1934) 3 Cal.App.2d 245, 249; *Knoll v. American Tel. & Tel. Co., supra*, 176 F.3d at p. 364.)

7.

*Request for a Continuance*

Dettamanti requested the trial court to continue the trial date. But granting a motion for continuance is "within the sound discretion of the trial judge" (*Capital National Bank v. Smith* (1944) 62 Cal.App.2d 328, 339), and Dettamanti has not shown an abuse of discretion.

This case was filed in 2019. As of the 2023 hearing, the case had been pending for "1,184 days." Kopcrak's counsel objected to a continuance, noting the trial had been "continued twice" before. She said, "My clients have every right to have this case heard and done with." Dettamanti had prior notice that the trial date was not going to be continued. At the February 17, 2023, hearing, the court told her, "I set this trial a long time ago . . . . And *I'm going to have the trial*." (Italics added.) At the March 3, 2023, hearing, the court said, "I do intend to take the case to trial on the 10th of April."

Plaintiffs must "use due diligence" (*Feingersh v. Lutheran Hosp. Society*, *supra*, 66 Cal.App.3d at p. 411), and courts cannot "become a sanctuary for chronic procrastination." (*County of San Bernardino v. Doria Mining & Engineering Corp*. (1977) 72 Cal.App.3d 776, 780.) In November 2022, the trial court found grounds for an order to show cause re dismissal for lack of prosecution. There was no error. (*Ibid*.)

*Dismissal as a Terminating Sanction*

The trial court could additionally and alternatively grant a dismissal as a terminating sanction for discovery violations. Where a discovery violation is willful, " 'preceded by a history of abuse, and the evidence shows that less severe sanctions would not produce compliance with the discovery rules, the trial court is justified in imposing the ultimate sanction.' " (*Moofly*

8.

*Productions, LLC v. Favila* (2020) 46 Cal.App.5th 1, 12.) The court may impose a terminating sanction "where a party willfully violates the court's orders." (*Osborne v. Todd Farm Service* (2016) 247 Cal.App.4th 43, 53.)

Kopcrak filed a motion for a terminating sanction for Dettamanti's discovery violations, which included 1) not responding to multiple requests to produce documents; 2) not attending court hearings, discovery proceedings, and case management conferences; 3) not producing documents for a deposition; 4) violating promises to produce documents; 5) not responding to a motion to produce; 6) not complying with an order to produce documents for trial; and 7) abusing the discovery process by filing false responses to interrogatories. From this evidence the trial court could find the discovery violations were willful. (*Moofly Productions, LLC v. Favila, supra*, 46 Cal.App.5th at p. 12.) Given the long pattern of discovery violations, the court could find lesser sanctions were not appropriate. (*Reedy v. Bussell* (2007) 148 Cal.App.4th 1272, 1290.)

### *Due Process*

Dettamanti claims Kopcrak served a motion to compel discovery "*by US Mail on February 23, 2023,*" with a hearing date of February 24, 2023. She claims there was no valid notice of the motion. But the court granted an order shortening time and Kopcrak's motion was *served by e-mail on February 17, 2023.* The parties had stipulated to "e-mail service." Dettamanti attended the hearing, and because she argued on the merits and sought her own discovery order, she waived her lack of due process notice claim. (*Carlton v. Quint* (2000) 77 Cal.App.4th 690, 697.) Moreover, she has not shown prejudice because the

court had other grounds for dismissal, including her inability to proceed to trial.

### Post-Judgment Motion to Vacate Judgment

Dettamanti claims the trial court erred by denying her motion to vacate the judgment. She claims the court lacked the authority to dismiss her action. But we have already rejected that claim. (*Tustin Plaza Partnership v. Wehage* (1994) 27 Cal.App.4th 1557, 1566.) Moreover, the court could reasonably rely on Kopcrak's opposition evidence to find Dettamanti's factual claims in support of her motion were not credible.

### Attorney Fees

Dettamanti claims the trial court lacked jurisdiction to award attorney fees post-judgment. But she initiated post-judgment proceedings, and the court reserved jurisdiction to decide fees "after final judgment." Kopcrak showed entitlement to fees for a pattern of discovery abuse. (Code Civ. Proc., § 2023.030; *City of Los Angeles v. PricewaterhouseCoopers, LLP* (2024) 17 Cal.5th 46, 67.) The award of fees is "presume[d] . . . correct" unless an abuse of discretion is shown (*McKenzie v. Food Motor Co.* (2015) 238 Cal.App.4th 695, 704) or the fees are "excessive." (*Minser v. Collect Access, LLC* (2023) 92 Cal.App.5th 781, 797.) Dettamanti disagrees with some hours counsel claimed. But the court reduced the amount of fees claimed to $8,460. Dettamanti has not shown that there was an abuse of discretion or that the total fee award was unreasonable. The amount awarded is not excessive given the documented time counsel *had to spend* on challenging a long pattern of discovery abuse. Her remaining contentions do not support grounds for reversal.

10.

DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to respondents.

NOT TO BE PUBLISHED.


                                    GILBERT, P. J.

We concur:



        YEGAN, J.



        BALTODANO, J.


11.

James F. Rigali, Judge

Superior Court County of Santa Barbara

_____

Bohm Wildish & Matsen, LLP and James G. Bohm for Plaintiff and Appellant Angelina Dettamanti.

Hall Hieatt Connely & Bowen, LLP and Stephanie A. Bowen for Defendants and Respondents Linda Carrari Kopcrak, Gina Kopcrak, Anna Kopcrak, and Peter Paul Kopcrak.