[S. F. No. 6779.   Department One.—September 24, 1915.]

## ANGELINA MORI, Appellant, v. SEBASTIAN MORI et al., Respondents.

DISMISSAL OF ACTION—DELAY IN SERVING SUMMONS—POWER OF COURT.—The trial court has power to dismiss an action for undue delay in issuing or serving summons, even though the delay has been for a shorter period than that which, under the terms of section 581a of the Code of Civil Procedure, gives the defendant an absolute right to dismissal.

ID.—INSUFFICIENT GROUNDS FOR DELAY IN SERVING SUMMONS—WHEN COURT'S DISCRETION NOT ABUSED.—In an action to set aside a lease which had about nine years to run at the time the complaint was filed, the court did not abuse its discretion in dismissing the action for lack of prosecution where there was over twenty-one months' delay in serving the summons after its issuance, the sole reason assigned for the delay being that one of the defendants was arrested on a charge of murder, and that from the time of his arrest until his acquittal the plaintiff held the proceedings in the present action in abeyance because of her desire not to prejudice him in his defense against so grave a charge, but the evidence showing that the murder charge was not instituted until four months after the action was commenced, and there was a period of seven months or more after the termination of the criminal proceeding before the summons was served, neither of which delays was explained, and it appearing that the defendants had expended large sums of money in making permanent improvements on the land leased to them.

ID.—EXCUSE FOR DELAY—ALLEGED MISREPRESENTATION—HEARSAY EVIDENCE OF AMICABLE SETTLEMENT.—There was no abuse of discretion in such a case in denying a motion to vacate the judgment of dismissal based upon a claim of misrepresentation made by the attorney for the defendants who, it is alleged, informed the associate of plaintiff's attorney that all the differences between the parties had been amicably adjusted and that they were again all living happily together, where the only proof of such misrepresentation was contained in the affidavit of the attorney that his client told him that the statement was untrue, this evidence being purely hearsay and entitled to no consideration.

APPEAL from a judgment of the Superior Court of San Mateo County and from an order denying a motion to set aside a judgment.   George H. Buck, Judge.

The facts are stated in the opinion of the court.

Devoto, Richardson & Devoto, for Appellant.

Martin Stevens, for Respondents.

SLOSS, J.—Plaintiff is the mother of the two defendants. She brought this action to set aside a lease executed and delivered by her to them. The complaint was filed and summons issued on July 16, 1910. Summons was not, however, served upon the defendants until May 4, 1912, something over twenty-one months after the issuance of summons. Shortly after the service of summons the defendants moved to dismiss the action for want of prosecution. The motion was granted and judgment of dismissal was entered.

The plaintiff appeals from this judgment, and also from a subsequent order denying her motion to set aside such judgment on the ground that the judgment had been taken against her through her inadvertence, surprise, and excusable neglect.

The only question involved is whether the court abused its discretion in dismissing the action or in refusing plaintiff's application to be relieved from such dismissal. It is well settled that the trial court has power to dismiss for undue delay in issuing or serving summons, even though the delay has been for a shorter period than that which, under the terms of section 581a of the Code of Civil Procedure, gives the defendant an absolute right to a dismissal. (*Witter* v. *Phelps,* 163 Cal. 655, [126 Pac. 593], and cases cited.)

In support of their motion to dismiss, defendants filed an affidavit showing that at all times after the complaint was filed they had been within the county of San Mateo, of which they were residents, and that service of summons could have been made upon them at any time since the commencement of the action. The affidavits alleged, further, that the defendants had put valuable improvements upon the leased premises. The plaintiff's counter affidavit showed, as her sole reason for the delay in the serving of summons, that one of the defendants was, in November, 1910, arrested on a charge of murder and that the proceedings against him were pending in the superior court of San Mateo County until September, 1911, when he was acquitted. She states that from the time of his arrest until his acquittal she, the plaintiff, held the proceedings in the present case in abeyance because of her desire not to prejudice him in his defense against so grave a charge.

On the motion to set aside the judgment for excusable neglect the plaintiff undertook to show an additional excuse for the delay in serving the summons and there was some attempt to make the same showing in response to the original motion to dismiss. We shall consider the case as if all of these matters had been before the court in the first instance. The additional evidence amounted merely to this: That Mr. James A. Devoto, a member of the firm of attorneys representing the appellant, had full charge of her case; that in May, 1911, he left the state intending to be absent until December, 1911, and that before departing he gave certain instructions to one of his associates with reference to this litigation and kindred matters. In July or August, 1911, the said associate communicated with the attorney for the defendants and was by him informed that all the differences between the parties had been amicably adjusted, and that they were all "living again happily together." It is alleged that the further delay in the service of summons was caused by this statement. Mr. James A. Devoto makes affidavit that he heard nothing more about the matter until April, 1912, when John Mori, a son of plaintiff, informed him that it was not true that all the differences between the parties had been amicably adjusted.

It cannot be said that the court abused its discretion in determining that the circumstances detailed in the affidavit first filed by plaintiff did not justify the delay. The action was commenced in July, 1910, and the murder charge was not instituted until four months thereafter. Again, there was a period of seven months or more after the termination of the criminal proceedings before summons was served. There was no attempt, in the affidavit just mentioned, to explain the delay which occurred before and after the pendency of the criminal proceeding. Furthermore, the court may well have taken the view that the pendency of the murder charge afforded no sufficient reason for delaying the service of summons. It would not be unreasonable to conclude that the mere service of summons (the complaint being already a matter of public record) would not add materially to the burdens and difficulties of a man preparing to meet a charge of crime. In addition to the length of time elapsing, the court was entitled to take into consideration the nature and the circumstances of the case. It had a right, among other things, to consider the allegation made in the

affidavit filed on behalf of the defendants that they had expended a large sum of money in making permanent improvements upon the land leased to them. The action was one to cancel a lease which had some nine years to run when the complaint was filed. Manifestly the defendants might be greatly prejudiced by the prolonged pendency of a proceeding which rendered uncertain their right of occupancy under such a lease. These were all matters for the trial court to determine and where the delay was as great as it was in this case it cannot be said on appeal that the trial court's determination should be overturned as an abuse of discretion.

The additional showing made on the motion to vacate the judgment does not justify a change in the views already expressed. The appellant argues that it was an abuse of discretion for the court to dismiss her action, or to refuse to vacate its judgment of dismissal, in the face of the fact that the delay had been caused by a misrepresentation made by the attorney for the defendants. But the trouble with this argument is that it does not appear that there was any misrepresentation. That the attorney made the statement that the matters in controversy had been settled is not denied. But there is no competent evidence that his statement was untrue. All that we have is Mr. Devoto's affidavit that John Mori told him that the statement was not true. This is, of course, pure hearsay and entitled to no consideration whatever. If it was desired to show that the representation made by defendant's attorney was false, the showing should have been made by producing the affidavit of the plaintiff or of someone else claiming to have knowledge of the facts and testifying to them under oath. If, on the other hand, the controversy between the parties had in fact been adjusted, the appellant was of course not injured by the dismissal.

The judgment and the order appealed from are affirmed.

Shaw, J., and Lawlor, J., concurred.