[Civ. No. 15654.   First Dist., Div. Two.   Nov. 19, 1953.]

## GOLDEN L. SAWYER et al., Appellants, v. FRANK PALMER, Respondent.

Earl C. Berger for Appellants.

Maurice L. Martin for Respondent.

NOURSE, P. J.—This appeal involves the propriety of the order of the trial court dismissing an action for plaintiffs' failure to bring it to trial within two years after the action was filed.

A complaint for damages for personal injuries was filed July 12, 1950.  No service of process was made.  On September 28, 1950, respondent, having learned of the pendency of the action, filed his answer and a cross-complaint.  On the following day appellants filed a memorandum to set the cause for jury trial.  The cause was duly set for trial to a jury for March 24, 1952.  No appearance was made on that day and the matter was stricken from the calendar.  The record does not disclose that appellants deposited the jury fees as required by the rules of court.

On the 14th of August, 1952, the respondent filed his notice of motion to dismiss under section 583, Code of Civil Procedure.  The record does not disclose that the appellants filed any affidavit or made any other opposition to this motion.

The appeal does not involve any legal difficulties. Action on such a motion lies in the discretion of the trial court. (Code Civ. Proc., § 583.) The long delay in bringing the cause to trial is admitted and no excuse for that delay is apparent from the record. The matter is controlled by two recent decisions—*Smith* v. *Wiget*, 75 Cal.App.2d 591, 594 [171 P.2d 563, 564] and *Hillsdale Builders Supply Co.* v. *Eichler*, 109 Cal.App.2d 117, 118 [240 P.2d 343]. In the latter case this court relied on the rule stated in 9 California Jurisprudence, page 529, which reads: ''No fixed or certain rule can be laid down as to the circumstances which will justify a court in exercising its discretion in dismissing an action on the ground of want of prosecution, for the obvious reason that no two cases present precisely the same facts. The exercise of this power must in the very nature of things be left to the discretion of the nisi prius court, subject only to a reversal for a patent abuse of such discretion.''

Order affirmed.

Goodell, J., and Dooling, J., concurred.