[Civ. No. 42408. First Dist., Div. Four. Mar. 15, 1978.]

JACQUELINE C. MOORE, Plaintiff and Appellant, v.
EL CAMINO HOSPITAL DISTRICT et al.,
Defendants and Respondents.

■■■■■■■■■■■■

**COUNSEL**

Werchick & Werchick, Arne Werchick and Jan Champion for Plaintiff and Appellant.

Campbell, Warburton, Britton, Fitzsimmons & Smith, Alfred B. Britton, Jr., Mark G. Hyde and Rankin, Oneal, Center, Luckhardt, Marlais, Lund & Hinshaw for Defendants and Respondents.

**OPINION**

**CHRISTIAN, J.**—Jacqueline C. Moore appeals from a judgment rendered pursuant to Code of Civil Procedure section 583, subdivision (a), dismissing for want of prosecution her malpractice action against respondents El Camino Hospital District and Douglas Downey, M.D.

The motion for discretionary dismissal, pursuant to the two-year statute, was made four years and seven months after the filing of the complaint. Appellant presented no evidence in opposition to the motion, relying only on the following unsworn statement by counsel: "Your Honor, the attorney who took this case in the first place was with our firm for a long period of time, and left the firm; and it was our belief at the beginning that this was one of the cases he had taken with him." ■ On appeal, it is contended by appellant that the trial court mistook its duty to exercise discretion in ruling on a motion to dismiss made pursuant to the two-year statute. This contention is supported only by the fact that counsel for one of the respondents (El Camino Hospital District) cited in his memorandum of authorities a number of decisions which had been overruled by *Denham* v. *Superior Court* (1970) 2 Cal.3d 557 [86 Cal.Rptr. 65, 468 P.2d 193]. But the memorandum of the other respondent (Downey) explicitly pointed out that the power of the court to dismiss, pursuant to Code of Civil Procedure section 583, subdivision (a), was discretionary. Moreover, at the hearing on the motion, the guidelines for the exercise of such discretion which have been established by rule 203.5, California Rules of Court, were discussed and it was pointed out that the ruling "is in your Honor's discretion . . . ." It is even possible that the court, through its own resources, had become aware of the 1970 *Denham* decision without the assistance of the lawyers. The claim that the court misunderstood its duty must be rejected as unsupported speculation.

■■■■■■■

It was not an abuse of discretion to dismiss the action where no evidence was presented by appellant explaining why the action had not been brought to trial. The unsworn representation of counsel concerning unexplained confusion in his office was not a compelling showing of good cause.

■ Appellant complains that by shortening the time for notice to be given by respondents of the hearing on their motion (see rule 203.5, Cal. Rules of Court), the court prevented appellant from making an adequate showing in opposition to the motion. But it lay within the court's discretion to grant an order shortening time in response to the substantial showing that such relief was necessary so that the motion to dismiss could be taken up concurrently with appellant's motion to advance the cause for trial. (Code Civ. Proc., § 1005; *Farrar* v. *McCormick* (1972) 25 Cal.App.3d 701 [102 Cal.Rptr. 190].) Moreover, there was no objection to the procedure adopted by the court. When the motion was called for hearing, counsel for appellant announced, "Ready for the plaintiffs, your Honor," and argued the motion without saying anything about any need for more time to prepare a response. Appellant's claim is therefore entirely meritless.

■ None of the points asserted by appellant has any substance whatever; the appeal is frivolous. It is therefore appropriate for this court to impose a penalty "upon offending attorneys or parties . . ." (rule 26(a), Cal. Rules of Court; Code Civ. Proc., § 907). There is no indication that appellant Jacqueline C. Moore is primarily at fault in the taking of the appeal. We therefore deem it appropriate to assess the penalty against her counsel. (See 6 Witkin, Cal. Procedure (2d ed.) Appeal, § 479, p. 4435.)

The judgment is affirmed. Respondents will each recover, in addition to their costs, the sum of $500 to compensate for resisting a frivolous appeal. Liability for the punitive award will fall not upon appellant but upon Werchick & Werchick, Arne Werchick and Jan Champion.

Caldecott, P. J., and Wilson, J.,* concurred.

A petition for a rehearing was denied April 4, 1978, and appellant's petition for a hearing by the Supreme Court was denied May 11, 1978. Bird, C. J., Mosk, J., and Manuel, J., were of the opinion that the petition should be granted.

*Assigned by the Chairperson of the Judicial Council.