[No. D002639. Fourth Dist., Div. One. Jan. 18, 1985.]

JAMES E. STEWART et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
CNA INSURANCE COMPANIES, Real Party in Interest.

COUNSEL

R. Bruce Wayne for Petitioners.

No appearance for Respondent.

Cary M. Miller, Virginia Gilson and McInnis, Fitzgerald, Rees, Sharkey & McIntyre for Real Party in Interest.

OPINION

**BUTLER, J.**—■ Petitioners filed a bad faith action against real party on April 25, 1980. Real party brought a motion to dismiss under Code of Civil Procedure section 581a, subdivision (a) because summons had not been returned within three years. This was heard on June 8, 1983, and denied by Judge Jack Levitt on June 22, 1983, on the basis real party was estopped from bringing the motion. Real party did not bring a motion for reconsideration nor did it seek review of the ruling by petition for a writ.

The case was set for trial on January 10, 1985. *In limine,* real party moved to bifurcate the affirmative defense summons had not been returned within three years and to have the issue tried by a jury under Code of Civil Procedure section 597. The motion was granted and separate trial set for January 14, 1985. On January 11, 1985, we granted a stay pending response and disposition. An interim order on January 14, 1985, notified the parties the petition was granted, the opinion to be issued in due time, and the stay was vacated.

Real party concedes it is unable to find any case law on the propriety of relitigating as a special defense a law and order motion which was previously denied. It suggests Code of Civil Procedure section 1008, subdivision (b) contemplates renewal of motions earlier denied. However, Code of Civil Procedure section 1008, subdivision (b) concerns motions for reconsideration where there has been a change in the facts. Here, real party, in its request to correct facts, concedes there has been no change of circumstance. It suggests, however, a court may permit a motion to be reheard even if the facts have not changed (see *Lopez* v. *Larson* (1979) 91 Cal.App.3d 383, 392 [153 Cal.Rptr. 912]). Even if that were the law, that is not the case presented here. Rather, here, a ruling made 18 months earlier by a judge is now to be submitted as a defense to a jury. We know of nothing that would in any way authorize such a procedure.

The issue can be determined without further briefing and argument.

Let a peremptory writ of prohibition issue (Code Civ. Proc., § 1088; *United Nuclear Corp.* v. *Superior Court* (1980) 113 Cal.App.3d 359, 361 [169 Cal.Rptr. 827]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165]), directing the Superior Court of the County of San Diego to vacate its order bifurcating the second affirmative defense for jury trial and to refrain from further proceedings on the matter.

Brown (Gerald), P. J., and Staniforth, J., concurred.

The petition of real party in interest for a hearing by the Supreme Court was denied March 4, 1985.